# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SETERIAL R. THURMAN, <br> 16564 Bramblewood Lane <br> Woodbridge, VA 22191, <br><br> Plaintiff, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, <br> 1200 Pennsylvania Ave NW, <br> Washington, DC 20460, <br><br> and <br><br> THE UNITED STATES OF AMERICA, <br> U.S. Department of Justice <br> Civil Division <br> 950 Pennsylvania Avenue, N.W. <br> Washington, DC 20530-0001, <br><br> Defendants. | Case No. 1:13-CV-00397 <br><br> COMPLAINT |

## COMPLAINT IN CIVIL ACTION UNDER THE FAIR LABOR STANDARDS ACT

### INTRODUCTION

1.  This is a civil action brought on behalf of plaintiff Seterial R. Thurman ("Plaintiff"), who is employed presently by Defendant the U.S. Environmental Protection Agency ("EPA"), and Defendant United States of America ("United States"), as a Law Enforcement Officer (OPM Occupational Code GS-1801-12). Plaintiff seeks to recover from Defendants back pay, liquidated damages, interest, attorney's fees, and costs pursuant to the Fair

Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA"), and other applicable laws.

## JURISDICTION

2. This Court has jurisdiction over this civil action pursuant to: (1) 28 U.S.C. § 1331, in that the matters in controversy arise under the Constitution and laws of the United States; (2) 28 U.S.C. § 1337, in that the matters in controversy arise under an Act of Congress regulating commerce; (3) 28 U.S.C. § 1361; and 29 U.S.C. § 216(b).

3. Further, this Court has jurisdiction to issue declaratory judgments and other relief sought herein under 28 U.S.C. §§ 2201 and 2202, in that actual controversies exist between the Plaintiff and Defendants regarding actions and failures to act by Defendants under FLSA and otherwise.

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391, since this is a civil action in which Defendants United States and U.S. Environmental Protection Agency ("EPA"), and agents thereof have acted in an official capacity and under color of legal authority, and a substantial portion of the events and/or omissions giving rise to the claims herein occurred in this District.

## THE PARTIES

5. Plaintiff presently is an employee of Defendants within the meaning of 29 U.S.C. § 203(e).

6. Attached to this Complaint is Plaintiff's signed individual consent to be included as a party to this action.

7. Plaintiff has been employed by Defendants United States and EPA during pay periods beginning in 2008 to date.

8. Defendants are employers within the meaning of the FLSA, 29 U.S.C. § 201, et seq.

**GENERAL ALLEGATIONS**

9. Defendants and their officers and agencies are responsible under the United States Constitution, federal law, and regulations, for the establishment and administration of personnel, employment, and compensation policies and practices and for applying to the plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

10. As is more fully set forth below, Defendants and their officers and agencies willfully have violated, and continue willfully to violate, the provisions of the FLSA and the leave, holiday, and premium pay provisions of Title 5 of the U.S. Code by wrongfully and willfully failing and refusing to provide the Plaintiff with pay and benefits due him under the FLSA and 5 U.S.C. §§ 5542, 5543, 5545, 5546, 6103, 6303, 6307, 6322 and 6323 and implementing regulations of Defendants.

11. Since at least 2010, while Plaintiff has been employed by Defendants at grade levels including but not limited to GS-11 and GS-12, Defendants have considered Plaintiff as being "FLSA exempt" and have not accorded Plaintiff the rights and compensation to which FLSA non-exempt employees of Defendants are entitled.

12. Under the FLSA and the regulations of the Office of Personnel Management ("OPM"), Plaintiff is presumed to be FLSA non-exempt, and Defendants carry the burden of demonstrating that Plaintiff is and has been exempt. 5 C.F.R. § 551.202.

## COUNT ONE

**(Failure to Properly Compensate Plaintiff for Overtime under FLSA)**

13.     Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 12 above.

14.     Defendants have at least from 2010 and continuing to date wrongfully and willfully denied Plaintiff coverage under FLSA and have wrongfully and willfully withheld overtime compensation due Plaintiff by failing and refusing to pay him in accordance with FLSA for hours worked in excess of forty each week.  Such overtime hours include but are not limited to hours during which Defendants and their officers and agents directed and/or suffered or permitted Plaintiff to work without paying him any compensation whatsoever, including travel, training and other work performed by Plaintiff on Defendants' behalf.

## COUNT TWO

**(Failure to Properly Provide Compensation to Plaintiff under FLSA and Title 5 for overtime, leave, and other compensable holidays)**

15.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 14 above.

16.     From at least 2010 and continuing to date Defendants have wrongfully and willfully denied Plaintiff coverage under FLSA and have wrongfully and willfully withheld overtime compensation due Plaintiff by failing and refusing to pay him in accordance with FLSA for hours worked in excess of forty each week, by failing to compensate Plaintiff with FLSA overtime for FLSA travel status overtime hours, for regularly scheduled and administratively uncontrollable overtime, for holiday pay, for work on Sunday, for night differential, for

hazardous duty pay, for trainings performed outside his regular tours of duty, and otherwise depriving him of compensation to which he was entitled under FLSA, Title 5, or otherwise.

## COUNT THREE

**(Request for Back Pay, Liquidated Damages, Interest, Attorney's Fees and Costs)**

17. Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 16 above.

18. As a result of the wrongful and willful violations of law by Defendants and their officers and agencies as alleged in the claims specified above, there is due and owing to Plaintiff various amounts of back pay, liquidated damages, interest, attorney's fees, and costs.

19. Employment, time, work, pay, leave and other records relating to Plaintiff are in the possession, control, and custody of Defendants and their officers and agencies, and Plaintiff is unable to state at this time the exact amounts of pay, benefits, liquidated damages, and interest which are due and owing to him with respect to his individual claims.  Defendants and their officers and agencies are under a duty imposed by § 11(c) of FLSA, 29 U.S.C. § 211(c), and other statutes and regulations to maintain and preserve payroll and other employment records with respect to Plaintiff from which the amounts of Defendant's liability may be determined.

WHEREFORE, Plaintiff prays that this Court:

a) Issue a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 stating that Plaintiff has been and is being employed by Defendants in an FLSA nonexempt capacity but has been denied such status willfully by Defendants;

b) Order Defendants, subject to rules and regulations to be established by this Court which conform with FLSA and Title 5 of the U.S. Code, to conduct a full, complete and accurate accounting of all back overtime, premium and other pay, leave, holiday, and excused and other

paid absence compensation, and benefits, interest, and liquidated damages equal to such back pay due and owing to Plaintiff as is sought herein from 2010 to a date which is not more than 30 days before the date on which the judgment herein is paid;

   c) Award Plaintiff such back pay, premium pay, liquidated damages, and interest, under the FLSA and the Back Pay Act from the date of the denial of such pay and entitlements retroactive for three years prior to the filing of this complaint until a date not more than 30 days before the date on which the judgment herein is paid, and costs, as are due and owing to him by Defendants under applicable federal laws and regulations; and

   d) Award Plaintiff reasonable attorney's fees and costs to be paid by Defendants under FLSA, the Back Pay Act, 5 U.S.C. § 5596, and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B); and

   e) Grant to Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted,

**/s/ Linda Lipsett**
Linda Lipsett - D.C. Bar No. 383671
Jules Bernstein - D.C. Bar No. 057513
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
(202) 296-1798
chouse@bernstein-lipsett.com

Edgar James - D.C. Bar No. 333013
Tanya Senanayake*
James & Hoffman, P.C.
1130 Connecticut Ave., NW, Suite 950
Washington, D.C. 20036
(202) 496-0500
ejames@jamhoff.com
tdsenanayake@jamhoff.com

Attorneys for Plaintiff

Dated:  March 27, 2013

* *Pro hac application forthcoming*